UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Willie Sylvester Merriweather**, # 240382, <br> *aka Willie S. Merriweather,* <br><br> Plaintiff, <br><br> vs. <br><br> Carl Fredrick, Grievance, Division of Operation, Kershaw, SCDC; <br> Sgt T. Levy; <br> Blake Taylor, Director of Internal Affairs; <br> Jon E. Ozmint, Director of South Carolina Dept. Of Corrections; <br> Lt. J. J. Jefferson, Kershaw CI; <br> Nurse Coley of Medical HealthCare; and <br> Michael Matthews, State Classification, in their Individual and Official Capacities for Money Damages, Punitive and Actual Damages, <br><br> Defendants. | C/A No. 2:07-462-PMD-RSC <br><br><br><br> Report and Recommendation |

In the Complaint filed in this case, a state prisoner currently housed at Kershaw Correctional Institution alleges that numerous Defendants violated his constitutional rights in connection with an incident that occurred in February 2006 and that resulted in Plaintiff being "gassed" and allegedly suffering some eye damage; with a January 2006 disciplinary charge, the conviction of which was overturned by the Warden in March 2006; and with the manner in which Plaintiff's inmate grievances about the gassing incident and the disciplinary charge were processed by the South Carolina Department of Corrections (SCDC). There do not appear to be any other allegations in the Complaint indicating that Plaintiff is presently in any type of physical danger based on the matters of which he complains. Plaintiff asks this Court to permit him to proceed without prepayment of the $350.00 filing fee in this case. (Entry 2). He has not submitted the full filing fee.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951 (4th Cir. 1995); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983).

It is not necessary for the Court to reach the issues presented in Plaintiff's Complaint because it is clear that this action is subject to dismissal pursuant to 28 U.S.C. § 1915(g) [the Prison Litigation Reform Act].[1] It is judicially noticed that this Plaintiff has filed more than three (3) prior frivolous cases in this Court since 1997, and that such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 2:05-2436; 2:01-4255; 6:97-3178; 6:97-3150;6:97-3149; 6:97-2132; 8:97-2082. The "three-strikes rule" is a Congressional enactment that applies nationwide, and was not a judicially-created rule. By enacting the statute in which the rule is established, Congress determined that, except under very limited circumstances, prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights

---

[1] 28 U.S.C. § 1915(g) provides:
> (g) in no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

litigation. *See* 28 U.S.C. § 1915(g)[2]; Green v. Nottingham, 90 F.3d 415, 417-20 (10th Cir. 1996) (three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively); *cf.* In re Sargent, 136 F.3d 349 (4th Cir. 1998).

The limited exception to this bar is where "the prisoner is under imminent danger of serious physical injury." Plaintiff's allegations about a gassing incident and a disciplinary violation charge that both took place over a year ago fail to set forth a claim that he is "under imminent danger of serious physical injury" (emphasis added) as required under 28 U.S.C. § 1915(g). The gassing incident and the allegedly wrongful disciplinary charges are obviously not occurring at the present time, nor were they occurring at the time of filing of this Complaint, and they are not placing Plaintiff in any "imminent danger" whatsoever. The United States Court of Appeals for the Second Circuit has held that in using the present tense in § 1915(g) and also the term "imminent" (meaning "impending"), Congress intended that "the danger must exist at the time the complaint is filed." The "imminent danger" exception does not apply to "those harms that had already occurred." The Second Circuit also noted unanimity among the federal circuits addressing this issue. Malik v. McGinnis, 293 F. 3d 559, 561-62 (8th Cir. 2002)(citing Abdul-Akbar v. McKelvie, 239 F. 3d 307, 323 (3rd Cir. 2001)); Medberry v. Butler, 185 F. 3d 1189, 1193 (11th Cir. 1999); Banos v. O'Guin,

---

[2] 28 U.S.C. §1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

(emphasis added).

144 F. 3d 883, 884 (5th Cir. 1998). Because there are no facts showing that the "imminent danger" exception should apply, Plaintiff's request to proceed with this case without paying the filing fee should be denied and Plaintiff should be barred by the three-strikes rule from pursuing in this Court any of the claims contained in his Complaint.

### Recommendation

Accordingly, it is recommended that the District Court deny the request to proceed without prepayment of the filing fee and dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B)(essentially a re-designation of "old" 1915(d)); and "new" 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

February 22, 2007
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).