IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Sylvester Merriweather, #240382, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Carl Frederick, Grievance, Division of Operation, )<br>Kershaw, SCDC; Sgt. T. Levy; Blake Taylor, )<br>Director of Internal Affairs; Jon E. Ozmint, )<br>Director of South Carolina Dept. of Corrections; )<br>Lt. J. J. Jefferson, Kershaw CI; Nurse Coley of )<br>Medical HealthCare; and Michael Matthews, )<br>State Classification, in their Individual and )<br>Official Capacities for Money Damages, Punitive )<br>and Actual Damages, )<br>)<br>)<br>Defendants. )<br>_____) | C.A. No.: 2:07-462-PMD-RSC<br><br><br><br><br><br>**ORDER** |

This matter is before the court upon the Magistrate Judge's recommendation that Merriweather's ("Merriweather" or "Plaintiff") complaint be dismissed without prejudice. The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B).[1] A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On March 6, 2007, Merriweather filed timely objections to the R&R.

**BACKGROUND**

Plaintiff, a state prisoner at the Kershaw Correctional Institution, filed this action pursuant

---

[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., the Magistrate Judge is authorized to review all pretrial proceedings involving litigation by individuals proceeding *pro se*, and submit findings and recommendations to this Court.

1

to 42 U.S.C. § 1983. In his Complaint, he alleges Defendants have violated his constitutional rights in (1) a February 2006 incident in which Plaintiff was "gassed" and allegedly suffered eye damage; (2) a January 2006 disciplinary charge that was overturned by the Warden in March of 2006; and (3) the manner in which the South Carolina Department of Corrections ("SCDC") processed his grievances regarding the gassing incident and the disciplinary charge.[2] In his R&R, Magistrate Judge Carr found that Plaintiff is barred from filing the instant case without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(g). The Magistrate stated, "It is judicially noticed that this Plaintiff has filed more than three (3) prior frivolous cases in this Court since 1997, and that such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 2:05-2436; 2:01-4255; 6:97-3178; 6:97-3150; 6:97-3149; 6:97-2132; 8:97-2082." (R&R at 2.) The Magistrate further found that Plaintiff's injuries did not fall within the imminent physical injury exception to the three strikes rule. *See* 28 U.S.C. § 1915(g).

## **STANDARD OF REVIEW**

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

---

[2]Specifically, Plaintiff alleges he was pepper sprayed on February 13, 2006 and was "disregarded medical care." (Compl. at 3.) With respect to the disciplinary charge that was later overturned, Plaintiff alleges he suffered embarrassment, invidious discrimination, and defamation of character. (Compl. at 4.)

## **ANALYSIS**

Congress passed the Prison Litigation Reform Act (the "PLRA") in 1996 to reduce the number of frivolous lawsuits "that were threatening to overwhelm the capacity of the federal judiciary." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 676 (4th Cir. 2005). One provision of the PLRA is the "three strikes" provision, which "prohibits a prisoner who has filed three previous suits that were dismissed on specified grounds from proceeding *in forma pauperis* in subsequent suits." *Green v. Young*, 454 F.3d 405, 406 (4th Cir. 2006). This provision states,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision does not prohibit a prisoner from bringing suit; it merely requires certain prisoners to prepay all filing fees in full. *See Green*, 454 F.3d at 407.

Plaintiff filed eight objections to the R&R, and for the sake of clarity, the court will address certain objections as a group.

**A.     Objections Concerning § 1915(g) and the Imminent Harm Exception**

Five of Plaintiff's eight objections are objections to the Magistrate Judge's application of the three strikes rule. These objections are as follows:

> 1.     The Magistrate Judge erred in not referencing the details of the January 2006 disciplinary charge, which caused discrimination and embarrassment to Plaintiff.
>
> 2.     The Magistrate Judge erred in not finding any current physical danger because Plaintiff has been denied a request for protective custody.[3]

---

[3]Plaintiff actually argues he is presently in physical danger "because Plaintiff has been denied red flags separation in his Warden Jacket." (Pl.'s Objections at 1.) Although uncertain, the court

3

. . .

    5.    The Magistrate Judge erred in not finding Plaintiff is in imminent danger because in February 2007 Plaintiff received another disciplinary charge, which caused harassment and discrimination.

    6.    The Magistrate Judge erred in finding the imminent danger exception does not apply to past harm.

. . .

    8.    The Magistrate Judge erred in not referencing a pending Internal Affairs investigation.

(*See* Pl.'s Objections at 1-2.)

In the R&R, the Magistrate Judge stated, "Plaintiff's allegations about a gassing incident and a disciplinary violation charge that both took place over a year ago fail to set forth a claim that he is 'under imminent danger of serious physical injury' (emphasis added) as required under 28 U.S.C. § 1915(g)." (R&R at 3.) The court agrees with the Magistrate Judge–the imminent danger exception does not apply to past harm. The "exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see also Johnson v. Warner*, 200 Fed. App'x 270, 272 (4th Cir. 2006); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."). Allegations by a prisoner that he "faced imminent danger in the past are insufficient to trigger this exception to § 1915(g)." *Ashley*

---

interprets his objection broadly to assume Plaintiff is objecting to the denial of a request for protective custody.

*v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Plaintiff's allegations concerning a February 2006 pepper spray incident, a January 2006 disciplinary charge that was later overturned, and the manner in which the SCDC handled Plaintiff's grievances regarding these incidents do not indicate Plaintiff is in imminent danger of serious physical injury. Both the pepper spray incident and the disciplinary charge occurred over a year ago. Plaintiff argues he is in imminent danger because he received another disciplinary charge in February 2007, causing him to suffer embarrassment and discrimination. However, the fact that Plaintiff received a disciplinary charge in February of 2007 does not indicate he is in imminent danger of serious physical injury. He asserts he has been embarrassed, harassed, and discriminated against, but these allegations do not satisfy the imminent danger exception. *See King v. Livingston*, No. C.A. C-06-145, 2006 WL 2192846, at *2 (S.D. Tex. Aug. 1, 2006) ("[A]llegations of harassment, discrimination, and retaliation do not equate with threats of imminent serious physical injury, and as such, do not provide an exception to § 1915(g)."); *see also Richardson v. Hite*, 53 Fed. App'x 291, 292 (4th Cir. 2002) (finding prison officials' denial of the plaintiff's medication for elevated cholesterol levels did not meet the imminent danger exception); *Staley v. Davis*, C.A. No. 9:07-0289-PMD, 2007 WL 690874, at *4 (D.S.C. Mar. 2, 2007) ("[T]he testing for tuberculosis, the placement of the plaintiff in a cell without a chair or bench for several hours, and the disciplinary conviction for possession of a shaving razor do not place the plaintiff in imminent danger of serious physical injury."); *Cain v. Shilling*, No. CIV. A. 799CV00898, 2001 WL 515263, at *2 (W.D. Va. Mar. 14, 2001) (finding prisoner did not establish imminent danger of serious physical injury where the prisoner received treatment on several occasions but claimed he did not receive the treatment he believed necessary). Because allegations of past harm and allegations of discrimination and

5

embarrassment are insufficient to satisfy the imminent danger exception, Plaintiff's first, fifth, sixth, and eighth objections are without merit.

Plaintiff also argues the Magistrate Judge erred in determining Plaintiff's case does not satisfy the imminent danger exception because Plaintiff has been denied a request for protective custody. As previously noted, Plaintiff alleges constitutional violations arising from a February 2006 gassing incident, a January 2006 disciplinary charge, and the manner in which SCDC processed his grievances. Even if Plaintiff has been denied a request for protective custody, none of the allegations of Plaintiff's Complaint suggest he is in imminent danger of serious physical injury. As discussed above, past harm does not satisfy the imminent danger exception; nor does embarrassment or discrimination. The mere fact that Plaintiff has been denied protective custody, without more, does not indicate Plaintiff can satisfy the imminent harm exception. Because Plaintiff has not alleged imminent danger of serious physical harm, Plaintiff's second objection is also without merit.

## B.    Objection for Failure to Reference Civil Action No. 2:06-02473-PMD[4]

Plaintiff objects to the fact that the Magistrate Judge did not refer to Civil Action No. 2:06-02473-PMD in the R&R. Plaintiff filed that action on September 7, 2006, and it was dismissed without prejudice on October 11, 2006 pursuant to § 1915(g). The court finds no error in the Magistrate Judge's failure to reference the 2006 action. "The general rule . . . is that a court will not travel outside the record of the case before it in order to take notice of the proceedings in another case, even between the same parties and in the same court, unless the proceedings are put in

---

[4] In this Objection, Plaintiff also objects to the Magistrate Judge's failure to mention Plaintiff's motion for a jury trial. The court addresses his "jury trial" objections as one. *See infra* Part C.

6

evidence. . . ." *Morse v. Lewis*, 54 F.2d 1027, 1029 (4th Cir. 1932). In exceptional cases, however, "the courts, in order to reach a just result, will make use of established and uncontroverted facts not formally of record in the pending litigation." *Id*. Even if the court can consider the 2006 case, the Magistrate Judge did not err in failing to mention it. The 2006 case simply has no bearing on the case *sub judice*, so the Magistrate Judge's failure to mention it was not erroneous.

### C.     Objection Regarding Plaintiff's Right to a Jury Trial

Plaintiff asserts the Magistrate Judge erred in (1) failing to mention Plaintiff's motion for a jury trial and (2) not finding Plaintiff has a state constitutional right to a jury trial where he sustained injuries from state employees' recklessness, gross negligence, and intentional torts. These objections are without merit.

While Plaintiff argues he is entitled to a jury trial, the court finds no error in the Magistrate Judge's failure to mention this demand since Plaintiff is not entitled to bring this action without prepaying the filing fee. As the Fourth Circuit stated, "[T]he right of access to federal courts is not a free-floating right, but rather is subject to Congress' Article III power to set limits on federal jurisdiction." *Roller v. Gunn*, 107 F.3d 227, 231 (4th Cir. 1997). Section 1915(g) does not impede a prisoner's access to the federal court system; the provision "merely prohibits him from enjoying [*in forma pauperis*] status. He still has the right to file suits if he pays the full filing fees in advance, just like everyone else." *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). Furthermore, if a prisoner is in "imminent danger of serious physical injury," he or she does not have to prepay the filing fees. *See* 28 U.S.C. § 1915(g).

The Magistrate Judge thus did not err in failing to discuss Plaintiff's demand for a jury trial because without prepaying the filing fee or meeting the "imminent harm" exception of § 1915(g),

Plaintiff is not entitled to a trial at all, much less a jury trial. Plaintiff's objections regarding his right to a jury trial are thus without merit.

**D.     Objections Concerning 11 U.S.C. § 523(a)(17) and 28 U.S.C. § 14 [sic]**

Plaintiff argues the Magistrate Judge erred in not allowing Plaintiff to proceed without paying the filing fee; he argues 11 U.S.C. § 523(a)(17) and 28 U.S.C. § 14 [sic] allow him to proceed without paying the filing fee. Plaintiff is incorrect. Title 28 of the United States Code does not contain a § 14, and Plaintiff's objections provide no indication of which statute Plaintiff intended to reference. Title 11, United States Code, Section 523(a)(17) is a provision of the bankruptcy code that specifically states any debt for a fee imposed on a prisoner for the filing of a case will not be discharged regardless of any assertion of poverty under 28 U.S.C. § 1915.[5] Neither of these provisions allows Plaintiff to proceed without prepaying the filing fee; his objection is thus without merit.

## CONCLUSION

It is therefore, **ORDERED**, for the foregoing reasons, that Plaintiff's action is **DISMISSED** without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**April 24, 2007**

---

[5]This court rejected the bankruptcy code argument in a previous case; Plaintiff made this identical argument regarding 11 U.S.C. § 523(a)(17) in a case he filed on September 7, 2006. *See Merriweather v. Adams*, No. 2:06-cv-0274-PMD (D.S.C.).